No. 30.—WILLIAM D. SHOCKLEY, plaintiff in error, *vs.* CORDY BULLOCH *et al.* defendants in error.

[1.] In a proceeding by attachment, under the Act of December 8th, 1820, on the part of securities upon a promissory note, against the maker thereof, the facts which the Act require to be set forth in the affidavit, in addition to the affiant's liability, and that the principal debtor is removing, about to remove, or has removed, without the limits of the State, or any county, are, an allegation of the securityship upon an instrument in writing, and a payment of the same by the surety, or a pendency of suit thereon, or a liability upon the same, as a demand which is not due.

[2.] The Act does not require the affiant to state that the ordinary process of law cannot be served upon the debtor.

[3.] When our Attachment Laws prescribe a *form* of proceeding, it should be pursued; when no form is prescribed, there should be a substantial compliance with *all* the requirements of the law.

Attachment, in Marion Superior Court. Decision by Judge WORRELL, at March Term, 1855.

Cordy Bulloch and two others, in their affidavit for an attachment, said "that they are the securities of William D. Shockley, on a note made payable to P. McLaren & Co. or bearer, for the sum of Six Hundred and Eight Dollars and Fifty-one Cents, which said note is to become due on the 2d day of June next, and that said William D. Shockley is about to remove without the limits of said State."

The attachment founded on this affidavit, directed the officer to attach a sufficiency of the property of Shockley to satisfy the demand, and the same "secure, to answer the complaint of P. McLaren & Co."

A motion was made to dismiss the attachment—

1st. Because the affidavit does not set forth the liability of the securities on the note.

2d. Because the affidavit does not state that "the ordinary process of law could not be served."

3d. Because the attachment was in favor of P. McLaren & Co. when the affidavit was by the sureties.

The Court refused to dismiss, and this decision is assigned as error.

ELAM, for plaintiff in error.

BLANDFORD, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The ground first assigned by the plaintiff in error, as a reason why the motion to dismiss the attachment in this case should have been sustained, is, that the affidavit did not set forth the facts upon which it was sought to have the same issued, sufficiently, and according to the requirements of law.

A Statute of December 8th, 1820, declares, that in any case where a person has been a security for another on a note obligation, or other instrument of writing, and has been compelled to pay the same; in cases where suit is pending on such an instrument; "in cases where such note, obligation or other instrument, to which there is or are security or securities, is or are not due, and the principal debtor or debtors, in any such case, is or are removing, or is or are about to remove, or have removed without the limits of this State, or any county; and oath being made by the security or securities, his, her or their agent or Attorney, &c. of the facts, and of his, her or their liability on said note, &c. and that his, her or their principal is or are removing, or about to remove, or have removed without the limits of this State, or any county therein, an attachment may issue against the property and effects of such principal debtor or debtors, in favor of such security or securities."

It will be perceived, that in addition to the liability of the affiant, and the allegation that the principal debtor is removing, about to remove, or has removed, this Act requires that *the facts* upon which it is sought to sue out said attachment, shall be set forth in the affidavit. What *facts?* For the answer, we must look to the Act—to the conditions there specified, upon which it authorizes the attachment to issue.

Shockley *vs.* Bulloch *et al.*

These conditions appear in that portion of the Act which we have cited, and are: 1. The fact of securityship upon a note, obligation or other instrument in writing. 2. A payment of the demand by the surety, or a pendency of suit on the same, or a liability upon such a demand, which is not yet due. These are the other facts, and the only other facts to which the Statute refers as bases or conditions upon which the attachment must rest.

Let us see, then, if they have their place in the affidavit.

In that instrument, the affiants make known that they are securities for the plaintiff in error, upon a note made payable to P. McLaren & Co. or bearer, for the sum of six hundred and eight dollars, and fifty-one cents, which was not then due. This plainly shows the extent and character of their liability; and they further state, that their principal is about to remove without the limits of the State. As we have seen, these are the conditions upon which the Statute authorizes an attachment to issue; and the conclusion is, that the facts are therefore sufficiently set forth.

[2.] It was insisted, in the next place, that the defendants in error should have set forth the fact in their affidavit, that *the ordinary* process of law could not be served upon the principal, because of his being about to remove from the State.

The Statute does not require this; and there was propriety in its not requiring it. What *ordinary* process *of law* was there in such a case, by which securities might proceed against their principal before the debt was due? This language, in the general Attachment Law of the State, was clearly used in reference to the ordinary proceedings by creditors against debtors, on debts due. It seems to be proper, that it should not have been used in such a proceeding as that before us; and it is not required to be used by the Act.

[3.] The third ground was, that the affidavit was made in the names of the securities; but that the attachment writ commanded the officer to seize and secure the property of the de-

fendant to answer the complaint of the principal debtors, or the payees in the note.

The Statute declares and provides, that "in a case where a suit or suits may be pending as aforesaid, or on a demand where the note, obligation or other instrument in writing is not due, such security shall have a lien upon the property and effects of the principal attached, until such property is replevied or the principal debtor or debtors shall give good and sufficient security to the person suing out such attachment, his, her or their agent, &c. for the payment of such note, when it may or shall become due, or at the termination of said suit or suits; and in case the property shall not be replevied, the person attaching shall be permitted to proceed to establish his demand, as though the debt was due or the suit or suits determined; and the property or effects of such debtor, so attached by such security or securities, shall be disposed of in the manner pointed out by the Attachment Laws of this State, and paid into the Clerk's office of the Court in which such attachment may be pending, subject to be paid over, by order of said Court, to the original creditor and creditors, when such debt shall become due."

The attachment writ in this case commanded the Sheriff to seize and secure the property to answer the complaint of P. McLaren & Co. the principal debtors, before the next Superior Court. It will be seen, from the language of the Statute which I have just quoted, that the words, *to answer the complaint of P. McLaren & Co.* though not precisely authorized by the Statute, are simply surplusage. It would have been more technically accurate for the Justice to have directed that the said property should be had before the Superior Court, to answer the demand of the plaintiffs, and to abide any order and direction of the Court in the premises. But the matter of substance in the mandate, was the order to have the same before the Superior Court at the next term. No other and further direction, by the Justice, could control the right of the Court when the same was before it, to dispose thereof according to law. And no such direction could inter-

fere with the rights of the parties. The direction, as it is, therefore, amounts to a substantial compliance with the law.

[3.] It is true, that our Attachment Acts should receive a strict construction. Accordingly, when they prescribe a *form* for proceeding under them, that should be followed; and when no form is specified, there should be a substantial compliance with all the requirements of the law in this regard. No form was prescribed by the Act which we have under consideration, for the writ which the Justice was authorized to issue; and we have shown that it was substantially in compliance with the requirements of the Act; which, therefore, has been pursued with sufficient strictness.

Judgment affirmed.